IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

Monster Daddy LLC, )
                                                  )    C.A. No. 6:10-1170-HMH
               Plaintiff, )
                                                  )
              vs. )     **OPINION AND ORDER**
                                                  )
Monster Cable Products, Inc., )
                                                  )
             Defendant. )

This matter is before the court on Monster Cable Products, Inc.'s ("Monster Cable") motion for reconsideration pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. On May 7, 2010, Monster Daddy LLC ("Monster Daddy") commenced this civil action, alleging that Monster Cable materially breached a confidential settlement agreement the parties executed on October 25, 2007. On June 29, 2010, Monster Cable filed a motion to seal the settlement agreement, and the court denied Monster Cable's motion during a July 23, 2010 hearing. Monster Cable now asks the court to reconsider its denial of the motion to seal and proposes redacting and sealing only portions of the settlement agreement that are purportedly not at issue. After review and for the reasons stated below, the court denies Monster Cable's motion.

To successfully obtain relief under Rule 60(b), "a party first must show timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (internal quotation marks omitted). Once satisfied, the moving party must then show that

one of Rule 60(b)'s six independent sections applies. Id. Monster Cable contends that Rule 60(b)(6), the catch-all provision, entitles it to relief. See Compton v. Alton S.S. Co., Inc., 608 F.2d 96, 106 (4th Cir. 1979). Rule 60(b)(6) allows the court to alter a previous decision based upon "any . . . reason that justifies relief" from the judgment; however, the Fourth Circuit has restricted its application to "extraordinary circumstances." Reid v. Angelone, 369 F.3d 363, 374 (4th Cir. 2004).

Monster Cable fails to show that extraordinary circumstances exist that would justify relief pursuant to Rule 60(b)(6). Rather, Monster Cable's motion for reconsideration merely reargues its motion to seal the settlement agreement at issue. As found during the July 23, 2010 hearing, the alleged harm that Monster Cable will suffer if the court does not seal the settlement agreement is based upon speculation and conjecture. Such ambiguity fails to overcome the public's presumptive right to access judicial documents and records. See Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 178, 180 (4th Cir. 1988).

It is therefore

**ORDERED** that Monster Cable's motion for reconsideration, docket number 37, is denied.

**IT IS SO ORDERED.**

    s/Henry M. Herlong, Jr.
    Senior United States District Judge

Greenville, South Carolina
September 29, 2010