IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

Monster Daddy, LLC, )
) C.A. No. 6:10-1170-HMH
Plaintiff, )
)
vs. ) **OPINION AND ORDER**
)
Monster Cable Products, Inc., )
)
Defendant. )

This matter is before the court on Monster Daddy, LLC's ("Monster Daddy") motion to dismiss, or in the alternative strike, Monster Cable Products, Inc.'s ("Monster Cable") amended counterclaim and affirmative defenses pursuant to Rules 12(b)(6) and (f) of the Federal Rules of Civil Procedure. For the reasons explained below, Monster Daddy's motion is denied.

## I. Factual and Procedural Background

The facts are fully set forth in this court's November 23, 2010 order ("November Order") in which the court partially granted Monster Daddy's motion to dismiss, finding that many of Monster Cable's counterclaims and affirmative defenses were insufficiently pled. The court granted Monster Cable leave to amend its deficient pleading. (November Order 18.) On December 3, 2010, Monster Cable filed its second amended answer. Monster Daddy contends that Monster Cable's second amended answer remains deficient.

## II. Discussion of the Law

When presented with a Rule 12(b)(6) motion to dismiss, the court must restrict its inquiry to the sufficiency of the complaint rather than "resolve contests surrounding the facts,

the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). To withstand a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted). Under this plausibility standard, the court should "assume th[e] veracity" of well-pled factual allegations "and then determine whether they plausibly give rise to an entitlement to relief." Id. at 1950. While a complaint "does not need detailed factual allegations" to survive a Rule 12(b)(6) motion to dismiss, pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Although the court must consider all well-pled factual allegations in a complaint as true, the court need not "accept as true a legal conclusion couched as a factual allegation." Id.

**A. Counterclaim I**

In its first amended answer, Monster Cable raised a counterclaim for fraud. (Am. Answer 15.) Specifically, Monster Cable alleged that Monster Daddy falsified the date of first use and the goods for which it used the MONSTER mark in its Statement of Use filed with the United States Patent and Trademark Office ("USPTO"). (Am. Answer 15.) The court, however, dismissed the counterclaim, concluding that "an erroneous statement of the date of first use is immaterial, and therefore not fraudulent, as long as the applicant's first use precedes the application filing date." (November Order 6.) Monster Cable amended its answer to assert a new counterclaim requesting that the court cancel or correct Monster Daddy's registration of the MONSTER mark. Monster Daddy argues that the counterclaim should be dismissed.

Pursuant to 15 U.S.C. § 1119, the court has the authority to "order the cancelation of registrations, . . . restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action." For trademarks that have been registered less than five years, "any ground that would have prevented registration in the first place qualifies as a valid ground for cancellation." Cunningham v. Laser Golf Corp., 222 F.3d 943, 946 (Fed. Cir. 2000).

Monster Cable seeks cancellation or correction of Monster Daddy's registration for the MONSTER mark on the ground that Monster Daddy's use of the mark on goods in Class 3 creates a likelihood of confusion with Monster Cable's use of the mark. (Second Am. Answer 63-73.) A party with prior use of a trademark may ask a court to cancel a subsequent trademark on the ground that the mark is confusingly similar to the challenger's mark. 3 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 20:53 (4th ed. updated Nov. 2010) (noting that likelihood of confusion is the most common ground for cancellation). Monster Cable alleges that its use of the MONSTER mark predates Monster Daddy's use and that the two trademarks are so similar as to cause a likelihood of confusion. Based upon these allegations, Monster Cable has pled a cognizable claim for relief. Further, the court finds that Monster Cable's counterclaim contains sufficient factual content to state a claim for relief.[1]

[1] Monster Cable provides two alternative grounds in support of its counterclaim seeking cancellation or correction of Monster Daddy's registration for the MONSTER mark. Because the court concludes that the likelihood of confusion ground alone is sufficient to survive Monster Daddy's motion to dismiss, the court need not address Monster Cable's alternative grounds.

In addition, Monster Daddy argues that the court should dismiss Monster Cable's counterclaim because a settlement agreement executed by the parties bars Monster Cable from challenging Monster Daddy's registration of the MONSTER mark. (Pl. Mem. Supp. Mot. Dismiss 9-10.) Monster Cable, however, has raised contractual defenses challenging the enforceability of the settlement agreement. As the court noted in its November Order, "[r]esolution of these issues would require the court to shift its inquiry beyond the exclusive focus on the sufficiency of Monster Cable's pleading," and therefore, dismissal at this stage of the litigation is improper. (November Order 9.) Monster Daddy alternatively contends that the court's November Order granted Monster Cable leave only to amend its fraud claim and that it will be "greatly prejudiced" if Monster Cable is allowed to proceed with this novel counterclaim. (Def. Reply 3.) Monster Daddy, however, has failed to articulate how Monster Cable's new counterclaim will cause prejudice at such an early stage of litigation. Based on the foregoing, the court denies Monster Daddy's motion to dismiss Monster Cable's amended counterclaim.

**B. Affirmative Defenses**

In its November Order, the court granted Monster Daddy's motion to strike four affirmative defenses after finding that Monster Cable failed to establish that its affirmative defenses were facially plausible. Monster Cable amended its affirmative defenses by inserting the factual content for its counterclaim as support for each affirmative defense. Monster Daddy contends that the factual allegations for affirmative defenses I-III and VIII lack sufficient specificity and that it "should not be required to sift through approximately thirteen (13) pages of chaff to find the one morsel of a factual allegation on which Monster Cable intends to base

one of its defenses." (Id. 9.) While the court agrees that many of the factual allegations supporting Monster Cable's affirmative defenses are repetitive and irrelevant to the affirmative defenses to which they correspond, they nevertheless provide Monster Daddy with notice of the facts supporting Monster Cable's affirmative defenses, and therefore, comply with the Federal Rules of Civil Procedure. See Sewraz v. Long, No. 09-6540, 2011 WL 52383, at **1-2 (4th Cir. Jan. 6, 2011) (unpublished).

Finally, Monster Daddy contends that the court should strike Monster Cable's sixth affirmative defense because Monster Cable failed to provide any factual support showing that the affirmative defense is facially plausible. The sixth affirmative defense reads:

> Plaintiff is barred from recovery, in whole or in part, by failure to state a claim upon which relief can be granted.

(Second Am. Answer 47.) The appendix of forms in the Federal Rules of Civil Procedure provides examples of pleadings that conform with the Federal Rules of Civil Procedure. Fed. R. Civ. P. 84. Form 30, which addresses the presentation of Rule 12(b) defenses, includes as an acceptable pleading: "The complaint fails to state a claim upon which relief can be granted." Fed. R. Civ. P. app. at form 20. Based on the foregoing, the court concludes that Monster Cable's affirmative defenses are sufficient.

It is therefore

**ORDERED** that Monster Daddy's motion to dismiss or in the alternative strike, docket number 77, is denied.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
February 7, 2011