IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| MONSTER DADDY, LLC | ) | Civil Action No.: 6:10-1170-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MONSTER CABLE PRODUCTS, INC., MONSTER, LLC, and WEST COAST CUSTOMS, INC., | ) ) ) | **OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| MONSTER CABLE PRODUCTS, INC., | ) | |
| | ) | |
| Counterclaimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MONSTER DADDY, LLC | ) | |
| | ) | |
| Counterdefendant. | ) | |
| _____ | ) | |

This matter comes before the Court on the Motion To Reconsider and for New Trial, (Doc. # 389), filed on October 28, 2013 by Monster Daddy, LLC ("Plaintiff"). The motion is made pursuant to Federal Rule of Civil Procedure 59(e) and asks the Court to reconsider its September 30, 2013 Order granting judgment to Monster Cable, LLC, Monster, LLC, and West Coast Custom, LLC (collectively, "Defendants"). (Docs. # 377 and # 378). The Defendants filed a Response in Opposition on November 15, 2013, (Doc. # 398), to which Plaintiff replied. (Doc. # 399). On December 3, 2013, the Court held

a hearing on the Motion. The matter is now ripe for decision.

Rule 59(e) of the Federal Rules of Civil Procedure provides that "[a]ny motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment." Although Rule 59(e) does not itself provide a standard under which a District Court may grant a Motion to Alter or Amend a Judgment, the Fourth Circuit Court of Appeals has recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Pacific Ins. Co. v. American National Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) cert. denied, 525 U.S. 1104 (1999). Thus, Rule 59(e) permits a District Court to correct its own errors, "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." Id. (citing Russell v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995)).

Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance. Id. In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly. Id.

Here Plaintiff attempts to proceed under prong three (3) above, arguing that the Court made clear errors of law in denying Plaintiff's infringement claims and in ordering cancellation of Plaintiff's new monster mark. However, after reviewing the parties' briefs and considering the arguments advanced by counsel at the hearing, the Court does not conclude that Plaintiff has established that any portion of the

Court's Order of September 30, 2013, is grounded in a clear error of law such that reconsideration is warranted. The Court finds that there is no basis under Rule 59(e) to modify its judgment.

For the foregoing reasons, Plaintiff's Motion To Reconsider and for New Trial[1] is **DENIED**. (Doc. # 389).

IT IS SO ORDERED.

s/Mary G. Lewis
United States District Judge

December 6, 2013
Spartanburg, South Carolina

---

[1] Although Plaintiff's Motion is captioned as a "Motion to Reconsider and for New Trial," (Doc. # 389), Plaintiff does not cite the legal standard governing grants of new trials or otherwise advance an argument for a new trial in its papers. To the extent that Plaintiff, through the caption of its motion, is moving for or requesting a new trial, that motion is likewise denied.