IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| MONSTER DADDY, | ) | Civil Action No.: 6:10-1170-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MONSTER CABLE PRODUCTS, INC., MONSTER, LLC, and WEST COAST CUSTOMS, INC., | ) ) ) | **OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| MONSTER CABLE PRODUCTS, INC., | ) | |
| | ) | |
| Counterclaimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MONSTER DADDY, | ) | |
| | ) | |
| Counterdefendant. | ) | |
| _____ | ) | |

This matter is before the Court on Monster Daddy, LLC's ("Plaintiff") motion brought pursuant to Federal Rule of Civil Procedure 59(e) asking this Court to reconsider its March 19, 2014 Order granting attorney fees against Monster Daddy in favor of Monster Cable, LLC, Monster, LLC, and West Coast Customs, LLC (collectively "Defendant"). For the reasons set forth herein, this Court DENIES Plaintiff's Motion. (ECF No. 429.)

Federal Rule of Civil Procedure 59(e) governs motions to alter or amend a judgment; however, the rule does not provide a standard under which a District Court may grant such motions. The Fourth Circuit has articulated "three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not

available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir.1998). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.* at 403 . "Similarly, if a party relies on newly discovered evidence in its Rule 59(e) motion, the party must produce a legitimate justification for not presenting the evidence during the earlier proceeding." *Id.* (internal quotations and citations omitted). Rule 59(e) provides an "extraordinary remedy which should be used sparingly." *Id.* (internal quotations and citations omitted).

Here, Plaintiff asks this Court to reconsider its order of March 19, 2014 which awarded Defendant a reasonable attorney's fees and costs amount in conjunction with a previous order of April 23, 2013 which sanctioned Plaintiff for failing to comply with certain court orders and directives. (ECF No. 429.)  In its motion to reconsider, Plaintiff accepts responsibility for some of its actions which ultimately led to this Court's sanctions ruling, however, it ultimately seeks to pin responsibility for the "procedural problems associated with the motions to compel and the delay in providing the requested documents" on Plaintiff's former counsel. (ECF No. 429 at 4.)  Plaintiff argues that the Court did not have the "opportunity to receive information concerning the actions of Monster Daddy's former counsel relating to this situation" and thus, requests that the Court reconsider its order to take into account certain evidence directly related to Plaintiff's attorney's conduct. (ECF No. 429 at 2.)  In support of its motion, Plaintiff submits the affidavit of Plaintiff's Rule 30(b)(6) witness James Carter.

But as Defendant points out, the purported "new" evidence and information is not news to

the Court. Further, Plaintiff's instant motion does not ask this Court to reconsider the propriety or appropriateness of the Court's determination on the amount of fees which was the sole subject of the Court's March 19, 2014 order. Plaintiff's "new evidence" fails to add anything to the relevant issue—the reasonableness of the fee to be awarded to Defendant.

Accordingly, after consideration of the arguments presented by Plaintiff, as well as careful review of the applicable law and the record, the undersigned finds no merit in Plaintiff's contentions. Plaintiff has failed to raise a sufficient basis for granting Rule 59(e) relief. Accordingly, Plaintiff's motion for reconsideration is DENIED.

**IT IS SO ORDERED.**

/s/Mary G. Lewis
United States District Judge

November 21, 2014
Spartanburg, South Carolina