IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| MONSTER DADDY, | ) | Civil Action No.: 6:10-1170-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MONSTER CABLE PRODUCTS, INC., | ) | |
| MONSTER, LLC, and WEST COAST | ) | |
| CUSTOMS, INC., | ) | **OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| MONSTER CABLE PRODUCTS, INC., | ) | |
| | ) | |
| Counterclaimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MONSTER DADDY, | ) | |
| | ) | |
| Counterdefendant. | ) | |
| _____ | ) | |

This matter is before the Court on Defendants Monster Cable Products, Inc., Monster, LLC and West Coast Customs, Inc.'s (collectively "Monster Cable") Supplemental Motion for Attorneys Fees Correcting and Substituting Motion ECF No. 444 and Response ECF No. 442. (ECF No. 445). Monster Cable filed this memorandum and motion in response to this Court's order of June 19, 2014 on Monster Cable's attorney's fees and costs (ECF No. 434), and also made a supplemental request for various post-judgment fees, expenses and costs.

Having considered these filings and the arguments set forth by counsel, as well as the entire record in this case, this Court grants Monster Cable's Motion for Attorney's Fees in part as set forth below.

## FACTUAL AND PROCEDURAL BACKGROUND

Because the Court has recited the factual background underlying this litigation on several prior occasions, it will not do so again, except with respect to the pending motion and to highlight a few relevant facts.  Monster Cable filed its initial post-trial motion for attorney's fees on October 14, 2013 seeking $2,323,259.20 in attorney's fees and costs in connection with defending and prosecuting the claims and counterclaims at issue in this case. (ECF No. 383.)  Monster Cable also filed a bill of costs on October 14, 2013.  (ECF No. 384.)  In the Court's June 19, 2014 order, this Court stated its intention to award Monster Cable a portion of its requested fees and costs as a prevailing party under the parties' Settlement Agreement.  The Court directed the parties to attempt to resolve their attorney's fee dispute, and, if unable to do so, to submit further documentation concerning the requested amounts and the bill of costs.  Monster Cable filed its initial supplemental responsive documents on July 16, 2014 and July 17, 2014. (ECF Nos. 442 and 444.)  Monster Cable filed a corrected supplemental memorandum and request for fees on July 21, 2014 to substitute for its July 16th and 17th submissions.  (ECF No. 445.)  Monster Daddy filed a response in opposition on July 30, 2014 (ECF No. 447) and Monster Cable submitted a reply in support of its motion on August 11, 2014.  (ECF No. 449.)  The parties were unsuccessful in their efforts to mediate the fee dispute before a Magistrate Judge, thus this matter is now ripe for this Court's review.

## ANALYSIS

Monster Cable's supplemental fee request can be summarized as follows: a request for pre- and post-judgment fees calculated at the Court's appointed rates; a request for pre- and post-judgment costs and expenses; and "fees on fees" and "costs on fees" requests related to litigating the attorneys' fees requests. Monster Cable calculates the revised amount requested as

$1,566,186.80.  (ECF No. 445 at 3.)

This Court made an initial ruling concerning Monster Cable's request for pre-judgment fees and costs as an award under the Settlement Agreement and the Lanham Act in its previous order. (ECF No. 434.)  In that order, this Court determined that Monster Cable was the prevailing party on the breach of contract claims and was thus entitled to attorney's fees pursuant to the Settlement Agreement.  The Court denied Monster Cable's Lanham Act request, having concluded that this case was not "exceptional."  Then, having concluded that Monster Cable was entitled to some fees as the prevailing party under the Settlement Agreement, the Court fully analyzed the *Barber* factors and determined that a fee award should be based on standard hourly rates of $330 for attorneys and $150 for paralegals, and that the overall award would be reduced by 20% to account for unnecessary duplication of work.  The Court then acknowledged the need to apportion attorney's fees in relation to hours reasonably expended  on the litigation contemplated by the Settlement Agreement, as well as the potential interrelatedness of the Lanham Act and breach of contract claims.  In its initial submission to the Court, however, Monster Cable itself successfully differentiated between the attorney work done and time expended on various aspects of the case as evidenced by supporting charts and documentation.  To that end, the Court indicated its intent to make a ruling in favor of Monster Cable of the fees and costs outlined in its filings but limited to those designated as concerning a breach of the Settlement Agreement and based on the Court's appointed rates.  The Court ordered Monster Cable to specify the fees and hourly amounts in accordance with its directives to allow the Court to make an appropriate final award.

In the instant request, Monster Cable does not challenge either the Court's designated hourly rates, or the overall 20% reduction applied. (ECF No. 445 at 5.)  Monster Cable also

indicates that it is not, at this time, asking the Court to reconsider its determination that the "West Coast" customs claims were not "exceptional" under the Lanham Act. (ECF No. 445 at 5-6.) Instead, Monster Cable now argues that separation of Monster Cable's fees by the various claims is impossible and that it should thus be awarded attorney's fees for all claims of this lawsuit and for fees incurred in seeking an award of attorney's fees. Monster Daddy opposes the supplemental request and maintains that Monster Cable is improperly attempting to reclassify Lanham Act claims as contract claims in order to bolster its award. (ECF No. 447 at 9.)

The Court has carefully reviewed Monster Cable's supplemental request, and the responses filed, in light of the record in this case. Notably, Monster Cable previously argued that it prevailed on certain claims to include: "Monster Daddy's breach of contract claims and Monster Cable's breach of contract counterclaim (Count II), as well as Monster Daddy's ScreenClean and West Coast Customs claims (collectively the "Monster Daddy's Lanham Act" claims) and Monster Cable's cancellation counterclaims (Counts I and III collectively "Monster Cable's Lanham Act Counterclaims")," which entitle Monster Cable to reasonable attorney's fees and costs under the Settlement Agreement and the Lanham Act, respectively. (ECF No. 383-1 at 3-4.) Monster Cable provided supporting materials in favor of its request which apportioned time based on the "main issues of the litigation, including Monster Daddy's breach of contract, West Coast Customs, ScreenClean and declaratory judgment claims, as well as Monster Cable's counterclaims, and Monster Daddy's bad faith discovery conduct." (ECF No. 383-1 at 32.) Monster Cable did this to "provide [the] Court guidance as to how much time and resources were expended on the various topics," primarily, the issues of trademark infringement and breach of contract. (ECF No. 383-1 at 32.) Now, Monster Cable wants to abandon its apportionment effort which was a key

-4-

consideration for this Court in making its substantive ruling. The Court declines to do so.

Monster Cable is entitled to pre-judgment fees and costs in the amount of $455,307.00 taking into account counsel's discount which was applied to fees and costs, the court appointed rates of $330/$150, and a 20% court-mandated reduction applied to fees only. This figure accounts for Monster Cable's work to defend itself on Monster Daddy's breach of contract claims, to prosecute its breach of contract counterclaim (Count II), and to address issues related to Monster Daddy's litigation conduct. The Court has also reviewed Monster Cable's submissions concerning its pre-judgment costs and litigation expenses and finds that they are reasonable, necessary, and sufficiently itemized. Monster Daddy challenges some costs as "questionable" but the Settlement Agreement employs broad language providing recovery of "all such other damages, costs, and expenses that may be incurred by the party" in the event of a breach of the Agreement, and such amounts are generally supported by the record. (ECF No. 8-1 at 7.)

As for post-judgment fees, costs and expenses, Monster Cable seeks the amount of $56,352.71 to compensate for 144.3 attorney hours and 37.8 paralegal hours at the rates of $330 and $150 per hour respectively, and for post-judgment fees and expenses.[1] Monster Daddy does not appear to dispute Monster Cable's entitlement to an award for its post-judgment work as the prevailing party, but asks the Court to only award approximately 28% of the requested amount, maintaining that Monster Cable's attorneys likely spent about 28% of their post-judgment time on contract-related claims. Monster Daddy's "28 %" proposal, however, is unworkable, and if employed, would severely undervalue the nature of the post-judgment work undertaken when

---

[1] The Court calculated the attorney's fees figure as $53,289.00 instead of the requested $54,289.00 for fees representing 144.3 attorney hours and 37.8 paralegal hours multiplied by the rates of $330 and $150 an hour.

Monster Cable's efforts were significantly more focused on protecting its judgment as a whole rather than litigating the cases's broader legal issues. The Court has reviewed Monster Cable's in-camera submissions supporting its entitlement to post-judgment attorney's fees which detail work done by counsel in addressing various post-trial motions, particularly Plaintiff's post-judgment motion for reconsideration. Having done so, the Court finds the requested hours and rates to be reasonable for the reasons set forth in the Court's previous order discussing the *Barber* factors.

Monster Cable's fees, costs, and expenses for post-judgment work result from Monster Daddy's breach of the Settlement Agreement (in fact Monster Daddy's post-judgment motion for reconsideration discusses the Settlement Agreement in most significant part), and the Settlement Agreement provides a contractual basis for recovery of those fees, expenses, and costs. The only further reduction the Court will apply is a 20% overall reduction in fees to account for duplicative work between the two law firms and to account for the limited post-judgment work that appears more focused on non-breach of contract issues, having otherwise found the requested amounts to be reasonable, sufficiently documented, and supported by the record. *See e,g., South Carolinians for Responsible Government v. Krawcheck,* No. 3:06–1640–MBS, 2012 WL 2830274 (D.S.C. July 9, 2012) (applying a thirty-five-percent reduction for partial success and further reducing the award by an additional five-percent to eliminate unnecessary duplication of effort). Thus, Monster Cable is hereby awarded an additional $44,694.91 in fees, costs, and expenses for its post-judgment work.

Finally, Monster Cable seeks $142,615.19 in fees and expenses connected to litigating matters associated with securing its attorney's fees. This work consists of responding to Monster Daddy's motion for discovery on attorney's fees, responding to Monster Daddy's opposition to Monster Cable's motion to seal, and obtaining an expert to respond to certain of Monster Daddy's

claims.   Monster Daddy contends that the request is improper because the Settlement Agreement does not expressly provide for "fees on fees."  (ECF No. 447 at 10.)   Monster Daddy argues that even if Monster Cable was entitled to "fees on fees," its recovery should be limited to the aforementioned 28% of the overall request.   (ECF No. 447 at 10-11.)

The language of the Settlement Agreement broadly provides for attorney's fees in the event of a breach of the agreement.  South Carolina law, upon which the Settlement Agreement is based, recognizes the right of a prevailing party under a contract to "submit an application for attorney's fees and expenses incurred in attempting collection of attorney's fees and costs incurred in the underlying litigation." *See Getzen v. Law Offices of James M. Russ, P.A.*, 475 S.E.2d 743, 746-47 (S.C. 1996).  Similarly, federal case law considering statutory fee award provisions also generally authorize compensation for time spent litigating fee awards along the line of Monster Cable's requested relief.   *See, e.g., Daly v. Hill*, 790 F.2d 1071, 1080 (4th Cir. 1986).  Monster Daddy does not cite and the Court has not independently found any case law which would preclude Monster Cable's entitlement to a reasonable award of fees, costs, and expenses associated with the pursuit of attorney's fees.  The Court has previously evaluated the *Barber* factors in this case and has calculated appropriate hourly rates which have been applied to Monster Cable's "fees on fees" request.   Further, the Court has carefully reviewed Monster Cable's itemized submissions.  The only further reduction the Court will apply is a 20% overall reduction in fees to account for duplicative work between the two law firms and to account for the limited "fees on fees" work that appears to concern non-breach of contract issues, having otherwise found the requested amounts to be reasonable, sufficiently documented, and supported by the record.  Monster Cable is entitled to $120,240.59 in "fees on fees," costs, and expenses.

Finally, Monster Cable has submitted a bill of costs (ECF No. 384) in this matter seeking the amount of $25,997.50 in statutory costs.  Monster Daddy filed a Notice of Withdrawal of Objection to ECF Filing 384 Entitled Bill of Costs, thereby withdrawing its objections to the costs requested therein. (ECF No. 441.)  Having done so, the Court finds it appropriate to award this additional amount of $25,997.50 in statutory costs which were separate and apart from Monster Cable's "pre-judgment" cost request.

## **CONCLUSION**

For the reasons set forth above, this Court awards attorney's fees and expenses/costs to Monster Cable in the amount of $620,242.50  plus statutory costs in the amount of $25,997.50.


**IT IS SO ORDERED.**

s/Mary G. Lewis
United States District Judge

January 16, 2015
Spartanburg, South Carolina